89 A.3d 578

IN THE MATTER OF KEITH A. COSTILL, AN ATTORNEY AT LAW (ATTORNEY NO. 006141990).

May 16, 2014.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 13–288, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **KEITH A. COSTILL** of **PENNINGTON,** who was admitted to the bar of this State in 1990, should be suspended from the practice of law for a period of two years based on his guilty plea in the Superior Court of New Jersey to one count of fourth-degree assault by auto, in violation of *N.J.S.A.* 2C:12–1c(1), conduct that violates *RPC* 8.4(b) (commission of a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer);

And the Disciplinary Review Board having further determined that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice law as attested

to by a medical health professional approved by the Office of Attorney Ethics and to submit proof of his continuing participation in alcohol-abuse treatment, and that he should continue such treatment after reinstatement to the practice of law, and until the further Order of the Court;

And good cause appearing;

It is ORDERED that **KEITH A. COSTILL** is suspended from the practice of law for a period of two years, effective June 9, 2014, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall submit to the Office of Attorney Ethics proof of his fitness to practice as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his ongoing participation in treatment for alcohol abuse, and after reinstatement, respondent shall submit proof of his continuing participation in alcohol-abuse treatment on a schedule approved by the Office of Attorney Ethics, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.